FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2011 JUN 15 PM 2: 36

JACKSONVILLE, FLORIDA

RAMSDEN, INC., a Texas corporation,

Plaintiff,

v.

MACQUARIE MORTGAGES USA, INC., a Delaware corporation; and PROSPECT MORTGAGE, LLC /fka/ METROCITIES MORTGAGE, LLC, a Delaware limited liability company,

Defendants.

_____/

Case No.

3:11-cv-579-J-12TEM

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Ramsden, Inc. ("Ramsden") hereby complains against defendants Macquarie Mortgages USA, Inc. ("Macquarie") and Prospect Mortgage, LLC /fka/ Metrocities Mortgage, LLC ("Prospect")(collectively "Defendants") and for causes of action alleges as follows:

### PARTIES

1.      Ramsden is a Texas corporation having principal executive offices located at 5716 Touchstone Dr., McKinney, TX 75070.

2.      Macquarie, upon information and belief, is a Delaware corporation with its principal executive offices located at 10151 Deerwood Park Blvd, Ste. 100/500, Jacksonville, FL 32256, organized and existing under the laws of the state of Delaware, has designated registered agent as The Corporation Trust Company and office for purposes of service of

1

process as Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801 and is doing business in this judicial district.

3. Prospect, upon information and belief, is a Delaware limited liability company with its principal executive offices located at 15301 Ventura Blvd., Suite D300, Sherman Oaks, California, 91403, organized and existing under the laws of the state of Delaware, has designated registered agent as The Corporation Trust Company and office for purposes of service of process as Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808 and is doing business in this judicial district.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

5. Subject-matter jurisdiction over Ramsden's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, Defendants have solicited business in the State of Florida, transacted business within the State of Florida and attempted to derive financial benefit from residents of the State of Florida, including benefits directly related to the instant patent infringement cause of action set forth herein.

7. On information and belief, Defendants have placed their infringing goods, systems, methods, compositions and/or services, including, but not limited to Macquarie's "Asset Manager" product, into the stream of commerce throughout the United States, which goods, systems, methods, compositions and/or services have been offered for sale, sold and/or used in the State of Florida and/or in the District of Florida.

8. Defendants, directly or through their subsidiaries, divisions, groups or distributors have committed acts of infringement in this judicial district, are subject to personal jurisdiction in this judicial district, and/or are doing business in this judicial district.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and/or 1400(b).

## CLAIMS FOR RELIEF

## CLAIM 1

### Patent Infringement of U.S. Patent No. 7,254,556

10. Ramsden hereby incorporates the allegations of the preceding paragraphs of this Complaint into the First Claim for Relief as though fully set forth herein.

11. U.S. Patent No. 7,254,556 ("the '556 Patent") issued on August 7, 2007, bearing the title "System and Method for Paying Down Debt Using an Equity Loan Revolving Line of Credit." (*See* Exhibit A).

12. Ramsden is the owner of all right, title and interest in and to the '556 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '556 Patent.

13. Ramsden has not licensed or otherwise authorized Defendants to practice the '556 Patent.

14. Upon information and belief, Defendants, directly or through their subsidiaries, divisions or groups, have infringed and continue to infringe one or more claims of the '556 Patent by making, using, selling and/or offering to sell, or allowing others to make, use, sell and/or offer for sale, in the United States, Florida and/or this judicial district,

products, such as the "Asset Manager" product, that are covered by at least claim 1 of the '556 Patent. Defendants are liable for infringement of the '556 Patent pursuant to 35 U.S.C. § 271.

15. Defendants' acts of infringement have caused damage to Ramsden, and Ramsden is entitled to recover from Defendants the damages sustained by Ramsden as a result of Defendants' wrongful acts in an amount subject to proof at trial.

16. As a consequence of the infringement complained of herein, Ramsden has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.

17. Upon information and belief, Defendants' acts of infringement were made or will be made with knowledge of the '556 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle Ramsden to enhanced damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Ramsden prays for entry of judgment that:

A. Defendants have infringed the '556 Patent;

B. Defendants account for and pay to Ramsden all damages caused by their infringement of the '556 Patent, and to enhance such damages by three times in light of Defendants' willful infringement, all in accordance with 35 U.S.C. § 284;

D.  Ramsden be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants from further acts of patent infringement;

E.  Ramsden be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' patent infringement;

F.  The Court declare this an exceptional case and that Ramsden be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

G.  Costs be awarded to Ramsden; and,

H.  Ramsden be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Macquarie demands trial by jury on all claims and issues so triable.

Respectfully submitted,

Dated: June 15th, 2011        By: ____/s/Rutledge R. Liles____
                                  RUTLEDGE R. LILES
                                  Florida Bar No. 102805
                                  Email: rliles@lilesgavin.com
                                  225 Water Street, Suite 1500
                                  Jacksonville, FL 32202
                                  T: 904-634-1100
                                  F: 904-634-1234
                                  TRIAL COUNSEL

                                  James B. Belshe, Esq.
                                  (Pro Hac Vice Application Forthcoming)
                                  James T. Burton, Esq.
                                  (Pro Hac Vice Application Forthcoming)
                                  Jackie Pilling, Esq.
                                  (Pro Hac Vice Application Forthcoming)
                                  KIRTON & MCCONKIE, P.C.

1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
(801) 328-3600 Telephone
(801) 321-4893 Facsimile
jbelshe@kmclaw.com
jburton@kmclaw.com
jpilling@kmclaw.com
Attorneys for Plaintiff

4850-3337-1657.1